UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| GREAT AMERICAN INSURANCE COMPANY | : | CASE NO. 1:18-cv-00213-TSB |
| | : | (Judge Timothy S. Black) |
| Plaintiff | | (Magistrate Karen L. Litkovitz) |
| | : | |
| vs. | | **KRAMIG INDUSTRIAL, INC.,** |
| | : | **KRAMIG, INC., R.E. KRAMIG & CO.,** |
| GEMMA POWER SYSTEMS, LLC | | **INC., KRAMIG CORP., DIVERSIFIED** |
| | : | **INDUSTRIAL CAPITAL GROUP, INC.** |
| Defendant | | **AND SOUTH WAYNE, LLC'S** |
| | : | **MOTION TO INTERVENE** |
| | : | |

Pursuant to Federal Rule of Civil Procedure 24, Kramig Industrial, Inc., Kramig, Inc., R.E. Kramig & Co., Inc., Kramig Corp., Diversified Industrial Capital Group, Inc. and South Wayne, LLC (collectively "Kramig") move this Court for an order permitting them to intervene as plaintiffs in the captioned action. Kramig is entitled to intervene because it has an interest in the property and transaction in dispute in the captioned action which may be impaired if it is not permitted to intervene and because Kramig has common questions of law and facts with the captioned action. A copy of Kramig's proposed Intervening Complaint is attached as Exhibit 1 to this motion and memorandum.

The legal and factual bases for this motion are set forth in the attached memorandum in support.

/s/ *C.J. Schmidt*
C.J. Schmidt (0034030)
Jeffrey R. Teeters (0061801)
Wood & Lamping LLP
600 Vine Street, Suite 2500
Cincinnati, OH  45202
(513) 852-6052
(513) 419-6452 (Fax)
cjschmidt@woodlamping.com
jrteeters@woodlamping.com

Trial Attorneys for Plaintiffs Kramig Industrial, Inc., Kramig, Inc., R.E. Kramig & Co., Inc., Kramig Corp., Diversified Industrial Capital Group, Inc. and South Wayne, LLC

## MEMORANDUM IN SUPPORT

### I.     FACTUAL BACKGROUND

This dispute concerns the construction of a natural gas electric generating plant located in Butler County, Ohio (the "Project").  (Doc. 1, Complaint, ¶6).  Defendant Gemma Power Systems, LLC ("Gemma") was the general contractor for the Project.  (Doc. 1, Complaint, ¶6). On March 29, 2018, plaintiff Great American Insurance Company ("Great American") filed this action against defendant Gemma requesting a declaratory judgment regarding its obligation under the terms of a performance bond it issued for its principal Kramig, Inc. ("Kramig").   Great American issued the Bond pursuant to a subcontract between Gemma and Kramig ("Insulation Subcontract).  (Doc. 1, Complaint, ¶8).  Gemma awarded the subcontract to Kramig for the installation of scaffolding and pipe insulation on the Project.  (Doc. 1, Complaint, ¶8).

After Kramig left the Project because of Gemma's fraudulent representations and actions, Gemma made a claim on the Bond.  (Doc. 1, Complaint, ¶¶32-32).  Great American immediately began investigating Gemma's Bond claim.  (Doc. 1, Complaint, ¶¶36-38).  Gemma refused to

2

provide most of the information Great American requested.  (Doc. 1, Complaint, ¶¶36-38).  Gemma demanded from Great American $6,135,604.92 on the Bond to resolve its claims.  (Doc. 1, Complaint, ¶46).  Because Gemma refused to cooperate with Great American in resolving Gemma's Bond claim, Great American instituted this action.

In this action and among other claims, Great American requests that the Court declare the Bond obligation *void ab initio* because of Gemma's misrepresentations during the negotiations of the Insulation Subcontract and Gemma's breach of its terms of the Insulation Subcontract.  (Doc. 1, Complaint, ¶¶48-52).   If Great American's Bond is declared void, then Kramig will be responsible for any amounts owed to Gemma, if any.

Great American also seeks a declaration as to the amount it owes to Gemma.  (Doc. 1, Complaint, ¶¶59-64).  Great American secured all of Kramig's assets as part of the term of the Bond.  Because of this security, when Gemma made a claim on the Bond, Kramig had to liquidate its business and transfer any sums generated by the liquidation to Great American.  If Great American is successful in limiting its exposure on Gemma's Bond claim, then Kramig may be entitled to a return of all or some of the money it transferred to Great American.

## II.     ARGUMENT

### A.     *Kramig Is Entitled to Intervene as a Matter of Right*

Kramig is entitled to intervene as a matter of right pursuant to Fed. R. Civ. P. 24(a)(2) because it has an interest relating to the transaction that is the subject matter of this action and disposing of the action may, as a practical matter, impair or impede Kramig's ability to protect its interest.  *Stupak-Thrall v. Glickman*, 226 F.2d 467 (6th Cir. 2000); *Blount-Hill v. Zelman*, 636 F.3d 278, 283 (6th Cir. 2011); *Allied Construction Industries v. City of Cincinnati*, 2014 Westlaw 11429028 (S.D. Ohio Nov. 24, 2014).  As a non-party, Kramig must demonstrate the following to prove it has a right to intervene:

1. timely applied to intervene;
2. has a substantial legal interest in the litigation;
3. the ability to protect its interest is impaired; and,
4. the parties presently before the court do not adequately represent its interest.

*Id.* Kramig meets all of these elements. First, the application is timely. Gemma answered Great American's Complaint on June 25, 2018, and the litigation is in its very earlies stages. (Doc. 8, Answer). *Wellington Resources Group, LLC v. Beck Energy Corp.*, 2012 Westlaw 2995181 (S.D. Ohio July 23, 2012) (a motion to intervene filed six weeks after the original complaint is timely and, thus, the non-moving party cannot demonstrate prejudice).

Second, Kramig has a substantial legal interest in this action. As stated above, if Great American is successful in having the Bond declared void, then Kramig may have to be solely responsible for any damages Gemma may have suffered. Similarly, if the Court declares that Gemma did not breach the terms of the Insulation Subcontract, then Kramig's legal interest will be impaired. *Wellington Resources Group, LLC v. Beck Energy Corp.*, 2012 Westlaw 2995181 (S.D. Ohio July 23, 2012); *Allied Construction Industries v. City of Cincinnati*, 2014 Westlaw 11429028 (S.D. Ohio Nov. 24, 2014). Third, as described above, Kramig's ability to protect its interest is impaired and fourth, Great American and Gemma do not adequately represent Kramig's interest. Therefore, Kramig has a right to intervene in this action.

### B. Because Kramig's Action Shares Common Questions of Law and Fact With This Action, the Court Should Permit Kramig to Intervene

Kramig is entitled to intervene pursuant to Fed. R. Civ. P. 24(b)(1)B) because its claims share common questions of law and fact with this action. *Wellington Resources Group, LLC v. Beck Energy Corp.*, 2012 Westlaw 2995181 (S.D. Ohio July 23, 2012); *Allied Construction*

4

*Industries v. City of Cincinnati*, 2014 Westlaw 11429028 (S.D. Ohio Nov. 24, 2014).  As described above, Kramig's claims regarding the Insulation Subcontract are intertwined with Great American's claims.  Therefore, Kramig should be permitted to intervene in this action.

### III.     CONCLUSION

For all the foregoing reasons, the Court should permit Kramig Industrial, Inc., Kramig, Inc., R.E. Kramig & Co., Inc., Kramig Corp., Diversified Industrial Capital Group, Inc. and South Wayne, LLC (collectively "Kramig") to intervene as plaintiffs in the captioned action.

    /s/ *C.J. Schmidt*
C.J. Schmidt (0034030)
Jeffrey R. Teeters (0061801)
Wood & Lamping LLP
600 Vine Street, Suite 2500
Cincinnati, OH  45202
(513) 852-6052
(513) 419-6452 (Fax)
cjschmidt@woodlamping.com
jrteeters@woodlamping.com

Trial Attorneys for Plaintiffs Kramig Industrial, Inc., Kramig, Inc., R.E. Kramig & Co., Inc., Kramig Corp., Diversified Industrial Capital Group, Inc. and South Wayne, LLC

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 18th day of July, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| James D. Houston<br>Ulmer & Berne LLP<br>600 Vine Street, Suite 2800<br>Cincinnati, Ohio  45202<br>jhouston@ulmer.com | Gregory D. Brunton<br>Gordon Rees Scully Mansukhani, LLP<br>41 South High Street, Suite 2495<br>Columbus, Ohio  43215<br>gbrnton@grsm.com |
| and | Counsel for Defendant Gemma Power Systems, LLC |
| David Conrad Olson<br>Frost Brown & Todd<br>301 East Fourth Street<br>3300 Great American Tower<br>Cincinnati, Ohio  45202<br>dolson@fbtlaw.com | |
| Counsel for Great American Insurance Company | |

                                                /s/ C.J. Schmidt

2628937.1