UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| GREAT AMERICAN INSURANCE COMPANY | : | CASE NO. 1:18-cv-00213-TSB |
| | : | (Judge Timothy S. Black) |
| Plaintiff | | (Magistrate Karen L. Litkovitz) |
| | : | |
| vs. | | **INTERVENING PLAINTIFFS** |
| | : | **KRAMIG INDUSTRIAL, INC.,** |
| GEMMA POWER SYSTEMS, LLC | | **KRAMIG, INC., R.E. KRAMIG & CO.,** |
| | : | **INC., KRAMIG CORP., DIVERSIFIED** |
| Defendant | | **INDUSTRIAL CAPITAL GROUP, INC.** |
| | : | **AND SOUTH WAYNE, LLC'S REPLY** |
| | | **TO DEFENDANT GEMMA POWER** |
| | : | **SYSTEMS, LLC'S MEMORANDUM** |
| | | **IN SUPPORT OF MOTION TO** |
| | : | **COMPEL ARBITRATION** |
| | : | *Oral Argument Requested* |

## I.  INTRODUCTION

Pursuant to the Joint Stipulation (Doc. 18), intervening plaintiffs Kramig Industrial, Inc. ("Kramig Industrial"), Kramig, Inc., R.E. Kramig & Co., Inc., Kramig Corp., Diversified Industrial Capital Group, Inc. and South Wayne, LLC (hereinafter referred to as the "Kramig Entities") submit the following reply brief to defendant Gemma Power Systems, LLC's ("Gemma") memorandum in support of motion to compel arbitration ("Gemma's Memorandum").  (Doc. 24).

Gemma admits that Kramig, Inc., R.E. Kramig & Co., Inc., Kramig Corp., Diversified Industrial Capital Group, Inc. and South Wayne, LLC were not parties to the Insulation Subcontract.  In fact, Christopher Kollmer, Senior Vice President of Gemma, admits that the Insulation Subcontract was only between Kramig Industrial and Gemma.  (Doc. 24, Ex. 1, ¶2-4).

Therefore, as a matter of law, Gemma cannot force these entities to arbitration because they did not contractually agree to submit their disputes with Gemma to arbitration.

Likewise, Gemma admits that the operative language in the arbitration provision of the Insulation Subcontract is "... *arising under this Subcontract or out of or in connection with the Work or the performance thereof.*"  Gemma argues that this language is broad enough to encompass the Kramig Entities' tort claims they have alleged in this action.  However, Gemma cites to no case law supporting this conclusion because the case law is to the contrary.

Similarly, Gemma admits that before arbitration may be initiated, the parties must informally resolve the dispute and that it did not do so.  Gemma's Memorandum states that "... given months without informal resolution amongst the Parties . . ." By the terms of the Insulation Subcontract, Gemma's failure to informally resolve the dispute prior to invoking arbitration claims means the arbitration provision is not invoked.

Gemma also fails to address that R.C. §4113.62(D) voids the arbitration provision. Gemma does not address this issue even though the Kramig Entities raised it in their motion for temporary restraining order (Doc. 16).  Gemma apparently does not discuss this issue because it does not dispute that R.C. §4113.62(D) voids the arbitration provision.

Finally, Gemma argues that the Court should deny the Kramig Entities' motion to intervene. In making this argument, Gemma forgets that it stipulated that it did not object to Kramig Entities' motion to intervene (Doc. 16, Joint Stipulation Regarding Motion to Intervene and Motion for Temporary Restraining Order, ¶3) and that the Court previously granted the Kramig Entities' Motion to Intervene in its September 11, 2018 Notation Order.  The Court should simply disregard Gemma's argument.

II.     ARGUMENT

   A.   ***Kramig, Inc., R.E. Kramig & Co., Inc., Kramig Corp., Diversified Industrial Capital Group, Inc. and South Wayne, LLC Did Not Agree to Arbitrate Their Claims With Gemma***

In its arbitration demand, Gemma specifically attempts to arbitrate claims against Kramig Industrial, R.E. Kramig & Co., Inc. and Kramig, Inc., and indirectly, the claims of Kramig Corp., Diversified Industrial Capital Group, Inc. and South Wayne, LLC. (Doc. 24, Ex. 2, Declaration Gregory Brunton, Ex. 1). However, Gemma admits that only Kramig Industrial is a party to the arbitration provision. (Doc. 24, Ex. 1, Declaration of Christopher Kollmer, ¶¶2-4). Gemma concedes that before it may force all of the Kramig Entities into arbitrating their claims, it must establish that a valid agreement to arbitrate exists between Gemma and all of the Kramig Entities. *Tassy v. Lindsay Entertainment Enterprises, Inc*., 2018 Westlaw 158226 (6th Cir. February 22, 2018); *Bratt Enterprises, Inc. v. Noble Intern, Ltd.*, 338 F.3d 609, 612 (6th Cir. 2003) (parties are only to be compelled to arbitrate matters within the scope of their agreement); *Javitch v. First Union Securities, Inc.*, 315 F.3d 619, 624 (6th Cir. 2003) (same). This Gemma cannot do since there is no such agreement. To the contrary, the only arbitration agreement is between Gemma and Kramig Industrial, which Gemma concedes. Therefore, as a matter of law, Gemma cannot force R.E. Kramig & Co., Inc. and Kramig, Inc., Kramig Corp., Diversified Industrial Capital Group, Inc. and South Wayne, LLC to arbitrate the claims they have asserted against Gemma here.

   B.   ***The Parties Did Not Agree to Arbitrate Tort Claims Under the Terms of the Arbitration Provision of the Insulation Subcontract***

Gemma agrees that the operative language in the arbitration provision of the Insulation Subcontract regarding the provision's scope is ". . . *arising under this Subcontract or out of or in connection with the Work or the performance thereof.*" Gemma states without citation to any

3

authority that this provision is "broad" and encompasses the tort claims the Kramig Entities have asserted here.  Gemma did not cite to any authority because the authority is to the contrary; that is, by using this language, the parties agreed to limit arbitration to disputes regarding the meaning of the contract itself.  *General Power Products, LLC v. MTD Products, Inc.*, 2007 Westlaw 901522 (S.D. Ohio March 27, 2007), *Associated Indem. Corp. v. Home Ins. Co.*, 1994 Westlaw 59001 (6th Cir. February 25, 1994), and *Milan Express Co. v. Applied Underwriters Captive Risk Assurance Co.*, 590 Fed. Appx. 482, 486 (6th Cir. October 23, 2014).

      Moreover, any ambiguity as to the meaning of the language used in the arbitration provision should be construed against Gemma since it drafted the language. The language in the Insulation Subcontract is standard language Gemma inserts in its contracts with subcontractors. In *Gemma Power Systems, LLC v. NAES Power Contractors, Inc.*, Case No. HHD-CV18-6097105-5, Connecticut Superior Court (July 5, 2018), the arbitration provision in the contract in dispute is identical to the language in the Insulation Subcontract.  (Doc. 22, Exhibit 1,  Exhibit B, pg. 13).  Thus, any ambiguity in the arbitration provision of the Insulation Subcontract must be construed against Gemma.  *Savedoff v. Access Group, Inc.*, 524 F.3d 754, 764 (6th Cir. 2008); *Innomark Communications, LLC v. Marth,* 2016 Westlaw 6822794 *2 (S.D. Ohio, November 18, 2016) (Black, J.).

      Accordingly, Gemma and Kramig Industrial, Inc. only agreed to arbitrate disputes regarding the meaning of the Insulation Subcontract and the performance by either party under that agreement, and did not agree to arbitrate tort claims similar to those asserted by the Kramig Entities.

### C. *Gemma Did Not Engage in Informal Resolution of Its Claim Before Instituting Arbitration*

Gemma does not dispute that it never submitted its claims to informal resolution before initiating arbitration. (Doc. 16, Motion for Temporary Restraining Order, Ex. B, Affidavit of Andrew Kulesza, ¶9). Because of this failure, Gemma failed to properly invoke the arbitration provision of the Insulation Subcontract. Therefore, the matter is not subject to arbitration.

### D. *R.C. §4113.62(D) Voids the Arbitration Provision of the Insulation Subcontract*

In Gemma's Memorandum, it did not address whether or not R.C. §4113.62(D) voids the arbitration provision of the Insulation Subcontract. Gemma did not address this issue even though the Kramig Entities raised it in their motion for temporary restraining order (Doc. 16). Although Gemma did not address this issue, in Gemma's Memorandum, it claims that all the parties stipulated that any arbitration will be held in Ohio. This is simply incorrect. In the Stipulation, only Gemma agreed that the arbitration will take place in Ohio. (Doc. 18, Joint Stipulation, ¶2).

### E. *Kramig Entities' Motion to Intervene Has Already Been Granted*

Gemma requests that the Court deny the Kramig Entities' motion to intervene. This request is nonsensical since Gemma previously stipulated that it did not object to Kramig Entities' motion to intervene (Doc. 16, Joint Stipulation Regarding Motion to Intervene and Motion for Temporary Restraining Order, ¶3) and the Court previously granted the Kramig Entities' Motion to Intervene in its September 11, 2018 Notation Order. The Court should simply disregard Gemma's argument.

## II. CONCLUSION

For all the foregoing reasons, and for the reasons set forth in Kramig Industrial, Inc., Kramig, Inc., R.E. Kramig & Co., Inc., Kramig Corp., Diversified Industrial Capital Group, Inc.

and South Wayne, LLC's Memorandum regarding arbitrability of the dispute, the claims asserted by the Kramig Entities are not subject to arbitration.

      /s/ *C.J. Schmidt*
C.J. Schmidt (0034030)
Jeffrey R. Teeters (0061801)
Wood & Lamping LLP
600 Vine Street, Suite 2500
Cincinnati, OH  45202
(513) 852-6052
(513) 419-6452 (Fax)
cjschmidt@woodlamping.com
jrteeters@woodlamping.com

Trial Attorneys for Intervening Plaintiffs Kramig Industrial, Inc., Kramig, Inc., R.E. Kramig & Co., Inc., Kramig Corp., Diversified Industrial Capital Group, Inc. and South Wayne, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of October, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

James D. Houston
Ulmer & Berne LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio  45202
jhouston@ulmer.com

and

David Conrad Olson
Frost Brown & Todd
301 East Fourth Street
3300 Great American Tower
Cincinnati, Ohio  45202
dolson@fbtlaw.com

Counsel for Great American Insurance Company

Gregory D. Brunton
Gordon Rees Scully Mansukhani, LLP
41 South High Street, Suite 2495
Columbus, Ohio  43215
gbrnton@grsm.com

Counsel for Defendant Gemma Power Systems, LLC

      /s/ C.J. Schmidt

2668906.1